UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 14-cv-5863 |
| vs. ) | |
| ) | Judge: |
| MAYFAIR MARKET, INC. d/b/a MAYFAIR ) | |
| MARKET, and NICHOLAS DILLES, ) | Magistrate Judge: |
| ) | |
| Defendants. ) | |

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Anthony Marano Company ("Marano"), for its complaint against Defendants, Mayfair Market, Inc. d/b/a Mayfair Market (hereinafter "Mayfair"), and Nicholas Dilles ("Dilles"):

**JURISDICTION AND VENUE**

1. Subject Matter Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "the PACA"), 28 U.S.C. § 1331 and 28 U.S.C. § 2201.

2. Venue in this District is based on 28 U.S.C. § 1391(b)(2) in that a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

**PARTIES**

3. Plaintiff, Anthony Marano Company, an Illinois corporation with its principal place of business in Chicago, Illinois, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4. a. Defendant, Mayfair Market, Inc., an Illinois corporation, d/b/a Mayfair Market, with its principal place of business premises in Chicago, Illinois, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

b. Defendant, Nicholas Dilles, upon information and belief, is an owner, officer, and director of Mayfair who controlled the day-to-day operations of Mayfair during the period of time in question and was in a position of control over the PACA trust assets belonging to Plaintiff and similarly situated trust creditors.

## GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

6. Between April 4, 2014 and July 19, 2014 Plaintiff sold and delivered to Mayfair, in interstate commerce, $130,833.33 worth of wholesale quantities of produce which remains unpaid.

7. Mayfair accepted the produce delivered by Plaintiff.

8. At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Mayfair since the creation of this trust.

9. Plaintiff preserved its interest in the PACA trust in the principal amount of $130,833.33, by delivering invoices or other billing statements to Mayfair which contained the

language required by 7 U.S.C. 499e(c)(4), and remains a beneficiary until full payment is made for the produce.

10. Mayfair and its owners and officers have not disputed the debt in any way but have failed to make payment to Plaintiff in accordance with the prompt payment or trust provisions of PACA.

11. The failure of Mayfair to pay Plaintiff demonstrates that Mayfair and its owners and officers have failed to maintain sufficient assets in the statutory trust to pay Plaintiff and have dissipated trust assets.

**Count I**
**(Failure to Pay Trust Funds)**

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of Mayfair and Defendant Dilles to make payment to Plaintiff of trust funds in the principal amount of $130,833.33 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $130,833.33 to Plaintiff, and for such other further relief as the Court deems appropriate.

**Count II**
**(Failure to Pay Promptly)**

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Mayfair received each of the shipments of produce described above.

16. The PACA requires Mayfair to tender full payment promptly to its unpaid suppliers of produce.

17. Mayfair failed to pay for the produce supplied by Plaintiff within the payment terms.

18. As a result of Mayfair's failure to pay promptly, Plaintiff has incurred damages in the principal amount of $130,833.33.

WHEREFORE, Plaintiff requests an order enforcing the PACA's prompt payment requirements by requiring immediate payment of $130,833.33 to Plaintiff.

### Count III
### (Failure to Pay for Goods Sold)

19. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20. Defendants Mayfair and Dilles failed and refused to pay Plaintiff $130,833.33 owed to Plaintiff for produce received by Mayfair from Plaintiff.

WHEREFORE, Plaintiff requests judgment against Mayfair and Nicholas Dilles, jointly and severally, and in favor of Plaintiff in the amount of $130,833.33, and for such other and further relief as the Court deems appropriate.

### Count IV
### (Unlawful Dissipation of Trust Assets by a
### Corporate Official – Nicholas Dilles)

21. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 20 above as if fully set forth herein.

22. Defendant, Nicholas Dilles, was an owner, officer and director who operated Mayfair during the period of time in question and was in a position of control over the PACA trust assets belonging to Plaintiff.

4

23. Defendant, Nicholas Dilles, failed to direct Mayfair to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

24. Defendant, Nicholas Dilles', failure to direct Mayfair to maintain PACA trust assets and pay Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

25. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Nicholas Dilles in the amount of $130,833.33, and for such other and further relief as the Court deems appropriate.

### Count VI
### (Interest and Attorneys' Fees)

26. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as fully set forth herein.

27. As a result of Mayfair's and Nicholas Dilles' failure to make full payment promptly of $130,833.33 for the produce sold and delivered to Mayfair, Plaintiff has lost the use of said money.

28. As a further result of Mayfair's and Nicholas Dilles' failure to make full payment promptly of $130,833.33 for the produce sold and delivered to Mayfair, Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Mayfair to comply with their statutory duties.

29. PACA and Plaintiff's invoices entitle Plaintiff to recover prejudgment interest at a rate of 1.5% per month and attorneys' fees incurred to collect any balance due from Mayfair.

**WHEREFORE**, Plaintiff requests judgment against Mayfair and Nicholas Dilles jointly and severally, for prejudgment interest, costs and attorneys' fees, and for such other and further relief as the Court deems appropriate.

This 30th day of July, 2014                                  Respectfully submitted,

                                                             By:   /s/ Robert Marcus
                                                                   Robert B. Marcus, #6304891
                                                                   Michael Maksimovich Atty at Law, P.C.
                                                                   8643 Ogden Avenue
                                                                   Lyons, Illinois 60534
                                                                   (708) 447-1040
                                                                   (708) 447-1846 – fax
                                                                   rmarcus@attorneymm.com

                                                                   *Counsel for Anthony Marano Company*